IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:22-CR-42-SA

HENRY WEAVER  DEFENDANT

ORDER

On January 11, 2024, the Defendant filed a Motion to Reopen Detention Hearing [154]. The Government has not responded to the Motion [154], but the Court is prepared to rule.

On May 3, 2022, following a detention hearing, the Magistrate Judge entered an Order of Detention Pending Trial [11]. The Defendant has been detained since that time. The case proceeded to trial, and the Defendant was convicted on both Counts of the Superseding Indictment [19]. Since that time, the Court has vacated the Defendant's convictions for reasons articulated in an Order and Memorandum Opinion [149] entered on January 5, 2024. The case is currently set to proceed to trial (again) on February 12, 2024. *See* [158].

In his present Motion [154], the Defendant contends that he "having been confined pursuant to now vacated convictions[,] asserts that this constitutes a change in circumstances that justifies a reopening of the detention hearing in this case." [154] at p. 2.

18 U.S.C. § 3142(f)(2) governs detention hearings. As to reopening such hearings, the statute provides in pertinent part:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2).

As noted above, the Magistrate Judge held a detention hearing in this case on May 3, 2022. The Court has reviewed the Order of Detention [11]. Notably, the Magistrate Judge determined that the Government had shown "by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community" and "by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required." [11] at p. 2. In the Order [11], the Magistrate Judge specifically selected the following options to support the detention decision: prior criminal history; participation in criminal activity while on probation, parole, or supervision; history of violence or use of weapons; and prior failure to appear in court as ordered. The Magistrate Judge also listed the following additional reasons for the detention ruling: "nature and circumstances of alleged offense; nature and seriousness of danger to others in community." *Id*. at p. 3.

Having considered the previous ruling and the reasons for detention, the Court sees no need to reopen the detention hearing. The reasons underlying the original detention ruling—particularly, the Defendant's extensive criminal history and history of violence—remain of significant concern to this Court. And the Court notes that it "may deny a motion to reopen detention because the evidence proffered is not new or because it would not have material bearing on the detention decision." *United States v. Hemani*, 2023 WL 4864700, at *3 (E.D. Tex. 2023) (citing *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989)). That is precisely the case here. The Motion [154] does not identify specific evidence that would be presented at the hearing but simply seeks to reopen the detention hearing in light of the fact that the Defendant's convictions have been vacated. This is insufficient to overcome the Court's significant concerns. Despite the Court's most recent ruling, the seriousness of the offense alleged against the Defendant, along with his criminal

2

history, history of violence, and prior failure to appear in court as directed, all weigh in favor of detention. The Motion to Reopen Detention Hearing [154] is DENIED.

SO ORDERED, this the 23rd day of January, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE