IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:22-CR-42-SA

HENRY WEAVER  DEFENDANT

ORDER

Now before the Court is Henry Weaver's Motion for Acquittal or New Trial [190]. The Motion [190] is ripe for review. Having considered the parties' filings, along with the applicable authorities, the Court is prepared to rule.

*Relevant Background*[1]

This matter proceeded to a jury trial commencing on February 12, 2024 and concluding the following day. The jury found Weaver guilty as to the one charge against him. The charge was as follows:

> On or about April 23, 2022, in the Northern District of Mississippi, HENRY WEAVER aka "NATE DOGG", defendant, did knowingly and intentionally forcibly assault, intimidate and interfere with a person designated in 18 U.S.C. § 1114, that is, an officer or employee of the United States or any agency thereof, to wit, a mail carrier with the United States Postal Service, while said person was engaged in the performance of his official duties, and in doing so, used a deadly and dangerous weapon, all in violation of Title 18, United States Code, Section 111(a)(1) and 111(b).

[19] at p. 1.

Weaver's sentencing is presently scheduled for April 16, 2024. On February 27, 2024, Weaver filed the present Motion [190] requesting that the Court enter a judgment of acquittal or, in the alternative, order a new trial.

---

[1] The procedural background in this case is lengthy and has been documented in numerous written Orders. The Court sees no need to address those matters in any detail at this time, as they are not pertinent to the present Motion [190].

*Analysis and Discussion*

The Court will first consider Weaver's request for acquittal and then turn to his request for a new trial.

Prior to doing so, the Court notes that Weaver has requested to "be allowed a hearing before the Court [on] this motion" pursuant to Uniform Local Criminal Rule 47(f). The Motion [190] does not specifically indicate why a hearing is necessary, and the Court sees no need for the same. The parties have articulated their arguments at length in their filings. The Court will resolve this matter based on the filings.

I. Acquittal

"A motion for judgment of acquittal challenges the sufficiency of the evidence to convict." *United States v. Garrison*, 2008 WL 3927497, at *1 (N.D. Miss. Aug. 27, 2008) (quoting *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir. 2005)) (additional citation omitted). In analyzing a motion for judgment of acquittal, the reviewing court must view the evidence in the light most favorable to the Government and has no discretion to assess the credibility of witnesses. *United States v. Duncan*, 164 F.3d 239, 242 (5th Cir. 1999); *United States v. Shoemaker*, 746 F.3d 614, 619 (5th Cir. 2014) (quoting *United States v. Robertson*, 110 F.3d 1113, 1117 (5th Cir. 1997) ("Although a district court may re-weigh evidence and assess witness credibility in considering a motion for new trial, it has 'no such discretion' when deciding a motion for judgment of acquittal.").

Although recognizing that "witness credibility is a jury question," Weaver nonetheless argues that "[Ben] Jones was so non-credible that a reasonable juror should not have placed any weight on his testimony in returning a verdict." [191] at p. 2. Weaver then walks through portions of Jones' testimony that he believes were contradictory and insufficient to support a guilty verdict.

2

Therefore, according to Weaver, the Court should enter a judgment of acquittal. He cites no case law to support the entrance of a judgment of acquittal under these circumstances.

As the Government has emphasized, "Ben Jones, a mail carrier for the U.S. Postal Service, testified that a man he knew as 'Nate Dogg,' subsequently identified as Henry Weaver and confirmed in court by Jones as the defendant, threatened him at gunpoint while he was delivering mail on April 23, 2022. Jones' testimony meets the elements of a charge under 18 U.S.C. § 111(a)(1) and 111(b)." [193] at p. 2. The Court agrees. Taken as true, Jones' testimony was sufficient to support the conviction.[2]

Weaver's request for an acquittal is not well-taken and is easily rejected. It is DENIED.

II.     New Trial

"Federal Rule of Criminal Procedure 33(a) provides that a 'court may vacate any judgment and grant a new trial if the interest of justice so requires.'" *United States v. Lairy*, 2009 WL 3488012, at *4 (N.D. Miss. Oct. 22, 2009) (quoting FED. R. CRIM. P. 33(a)). In analyzing a motion under Rule 33(a), a "trial judge may weigh the evidence and assess the credibility of the witnesses[.]" *Id*. (quoting *United States v. Arnold*, 416 F.3d 349, 360 (5th Cir. 2005)) (additional citation omitted). However, the district court's discretion is not unlimited, as it "may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable. . . In order for a new trial to be granted '[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand.'" *Id*. (quoting *Arnold*, 416 F.3d at 360; *Robertson*, 110 F.3d at 1117-1118).

Weaver raises six different issues that, in his view, warrant a new trial: (1) "Jones was not credible;" (2) "[t]he Court improperly excluded the complete Quitman County Sheriff's office

---

[2] The Court takes the testimony as true in light of the applicable standard mandating that the evidence be viewed in the light most favorable to the Government. *See, e.g., Duncan*, 164 F.3d at 242.

3

report;" (3) "[t]he Court improperly excluded the complete 911 call recording;" (4) "[t]he government was allowed to improperly bootstrap inadmissible evidence into the case;" (5) "[t]he Court improperly admitted Weaver's prior conviction of possession of a firearm by a felon under Rule 404(b);" and (6) "[t]he Court improperly granted the Allen charge without development of a record as to whether it was needed." [191] at p. 4-10. The Court will address the arguments in turn.

First, Weaver contends that Jones' testimony was "contradictory and muddled." [191] at p. 2. Weaver points out that while Jones testified on direct examination that Weaver was the only person who got out of the vehicle during the alleged encounter, he admitted on cross-examination that he had previously testified under oath that three people got out of the vehicle. Weaver then emphasizes other things that he believes undermines Jones' credibility: "Jones testified that he was assaulted by masked men carrying assault rifles. He said that the encounter lasted 10 minutes. Yet he did not call the police immediately. He instead finished his route, then called his supervisor - and never called 911. Notably, the person that did call 911, Sean Shegog, stated nothing about masked men and guns in the call - only that there had been an incident. Jones did claim that he called a police officer (Melvin Wilson) on his cell phone, but that was not consistent with his written statement (where he said he called 'the police')." *Id*. at p. 3.

The Court is unpersuaded. As to whether the two other individuals ever exited the vehicle, Jones' testimony on redirect examination provided clarity, at which time he testified that if the two individuals did so, it was only for a brief period of time. The other discrepancies that Weaver raises are minor. For instance, the purported discrepancy between Jones stating that he called Melvin Wilson (a police officer) when his written report indicates that he called "the police" is, in this Court's view, not a discrepancy at all. Further, the fact that he called his supervisor before calling

the police does not justify wholly discounting Jones' credibility. The other points of emphasis are likewise unavailing.

Weaver also argues that the lack of law enforcement action or investigation further supports his theory that Jones was not actually threatened. He references the fact that local law enforcement apparently made no efforts to immediately investigate the incident. In response, the Government emphasizes that Weaver did not call any local law enforcement to testify as to what actions were or were not taken. The Court finds Weaver's argument on this point to be a stretch, and the Court will not disregard Jones' testimony based upon the purported lack of response by local law enforcement.

While a district court analyzing a motion under Rule 33 must carefully weigh the evidence and assess witness credibility, it "must not entirely usurp the jury's function[.]" *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005) (citations omitted). Weaver's arguments as to Jones' credibility essentially ask the Court to usurp the role of the jury. The Court will not do so.

Weaver's second argument pertains to the Court's exclusion of the fourth page of the Quitman County Sheriff's Department report that was prepared following the incident. The full report, which is four pages in length, is attached to Weaver's Motion [190]. At trial, the first three pages were admitted into evidence by agreement of the parties. The fourth page was a point of contention. The fourth page contains a section entitled "Details and Additional Victims & Witnesses Information," which includes the following information prepared by Deputy Cedric Holman:

> On Saturday, April 23, 2022, at 2:43 p.m., Deputy Cedric Holman (Q-10) was dispatched to the United States Post Office at 423 Poplar Street, Marks, Mississippi, to speak with an employee concerning threats. Before arriving at the scene, the reporter was informed by dispatch to meet the complainant at the rear of the post office.

5

> Upon arrival at the United States Post Office, the reporter spoke with Mr. Benjamin Jones, Jr. Complainant stated that he was on Sims Street in Marks delivering mail. While delivering mail, a small gray four-door vehicle occupied by three black males pulled up. The front and back passengers got out with masks and weapons. The driver, who was identified as Henry Weaver, Jr. by Jones, got out of the vehicle with a weapon.
>
> According to Jones, Weaver stated that if he didn't get his package or ten thousand dollars by Monday that he would kill him. Jones stated that he would notify his supervisor concerning this matter.
>
> Also, Jones did not identify the tag number of the suspect's vehicle.
>
> The case is still under investigation by the Quitman County Sheriff's Office and Federal investigators.

[190], Ex. 3 at p. 4.

At trial, the Court reviewed the fourth page and sustained the Government's objection to its admission on the basis of it being inadmissible hearsay. Now, Weaver contends that "[t]he Court ruled quickly on the government's objection without giving the defendant's counsel the opportunity to be heard as to the objection." [191] at p. 5. He further argues that he should have been able to present the statement to Jones to see if he would adopt it—"Weaver should have been allowed to present the statement in the sheriff's office report to Jones to see if he would adopt it, at which time Weaver may have been allowed to impeach him with it depending on his answer. The Court sustained the objection without giving the defendant an opportunity to lay a foundation for impeachment." [191] at p. 6. Weaver relies on Rule 801(d)(1) as the basis for the page's admissibility.

In pertinent part, Rule 801(d)(1) provides:

> **(d) Statements That Are Not Hearsay.** A statement that meets the following conditions is not hearsay:

> **(1) A Declarant-Witness's Prior Statement.** The declarant testifies and is subject to cross-examination about a prior statement, and the statement:
>
> **(A)** is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition; [or]
>
> **(B)** is consistent with the declarant's testimony and is offered:
>
> (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or
>
> (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground[.]

FED. R. EVID. 801(d)(1)(A), (B).

Weaver directs the Court's attention to a portion of the Advisory Committee Notes to this Rule, which provide in pertinent part:

> **Note to Subdivision (d).** Several types of statements which would otherwise literally fall within the definition are expressly excluded from it:
>
> **(1) Prior statement by witness.** Considerable controversy has attended the question whether a prior out-of-court statement by a person now available for cross-examination concerning it, under oath and in the presence of the trier of fact, should be classed as hearsay. If the witness admits on the stand that he made the statement and that it was true, he adopts the statement and there is no hearsay problem. The hearsay problem arises when the witness on the stand denies having made the statement or admits having made it but denies its truth.

FED. R. EVID. 801)(d)(1), Advisory Committee Notes.

Weaver then cites an Eleventh Circuit case from 1993 for the proposition that "[c]ourts have held that a summary of a witness's prior statement can be used to impeach the witness *if the witness adopts the statement*." [191] at p. 5-6 (citing *United States v. Saget*, 991 F.2d 702, 710 (11th Cir. 1993)) (emphasis in original).

7

Weaver's argument is flawed. At the outset, the Court rejects his contention that he was not provided an opportunity to be heard on the issue. The Court did rule quickly after hearing the Government's argument, but to contend that the Court would not have heard from Weaver or to imply that argument was not permitted on the point is a stretch. Weaver did not request to make rebuttal argument on the point, and he likewise did not request to lay a foundation either in or outside of the presence of the jury—an argument he now raises. Furthermore, he has cited no binding case law involving a scenario similar to the circumstances that the Court faced here. The Court also notes that Weaver did not call Deputy Holman as a witness at trial—another avenue in which the page *may* have been admissible. At a minimum, he could have questioned Deputy Holman about the preparation and contents of the report. The Court's decision not to admit the fourth page of this report does not serve as a basis for a new trial.

Next, Weaver argues that the Court erred when it excluded a portion of the 911 call recording. As Weaver frames it, he "sought to introduce the entire 911 call recording, which was approximately three minutes in length and contained several calls involving the incident, and some calls not related to the incident. This evidence was crucial to show the lack of response by the Quitman County Sheriff's office to alleged reports of masked men with assault rifles on Sims Street; which was further crucial to Weaver's defense[.]" [191] at p. 6.

At trial, the Court listened to the entire recording outside of the jury's presence. After doing so, the Court concluded that only the portion of the recording containing Shegog's call was relevant. Weaver has pointed to nothing to illustrate that the ruling was in error. The remainder of the recording fell below the threshold for admissibility under Rule 403. The Court finds that the exclusion was not in error.

Weaver's fourth argument pertains to the admission of Weaver's prior drug convictions. Weaver articulates the same arguments he raised in connection with two pretrial motions *in limine*. Prior to trial, the Court entered a lengthy Order [173] that, among other things, addressed these arguments in detail and provided the Court's reasoning for the admission of certain prior drug convictions (while excluding others). The Court's view on that point remains unchanged, and there is no need to recite it again.

Fifth, Weaver argues that the Court improperly admitted Weaver's prior conviction of possession of a firearm by a convicted felon. The Court admitted the prior conviction pursuant to Rule 404(b), which in pertinent part provides:

> **(b) Other Crimes, Wrongs, or Acts.**
>
> **(1) Prohibited Uses.** Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> **(2) Permitted Uses.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

FED. R. EVID. 404(b).

Here, the Court admitted the prior conviction at the Government's request on the basis of opportunity. The Government's articulated position was that the conviction illustrated that Weaver, a convicted felon who was prohibited by law from possessing firearms, nonetheless had access to firearms. After jury selection but prior to the commencement of proof, the Court took up this issue outside of the jury's presence. At that time, Weaver made the argument that the firearm conviction should be excluded on the same basis as the arguments raised in his pretrial motions *in limine*. The Court overruled Weaver's objection at that time. Now, he again makes the same

9

argument, contending that the Government's position constitutes "a blatant masquerade for introduction of propensity evidence." [191] at p. 10.

The Court's ruling was based on the same analytical framework set forth in its pretrial Order [173] pertaining to the other admitted convictions. In other words, the conviction satisfied the two-part test necessary for a prior conviction to be admitted under Rule 404(b). *See, e.g., United States v. Arnold*, 467 F.3d 880, 884 (5th Cir. 2006). Weaver makes no new argument now, and the Court's conclusion is the same. The Court further notes that it—as the Fifth Circuit has instructed district courts to do—provided a limiting instruction to advise the jury as to the limited purpose for which the conviction should be considered. *See, e.g., United States v. Flores*, 2023 WL 5703612, at *4 (5th Cir. Sept. 5, 2023) (per curiam) ("Finally, and critically, the district court gave the jury an appropriate limiting instruction.") (citations omitted). Weaver's argument on this issue is rejected.

Lastly, Weaver contends that the Court erred when it granted an *Allen* charge. The Fifth Circuit has previously held that it constitutes error to grant an *Allen* charge under coercive circumstances. *See, e.g., United States v. Heath*, 970 F.2d 1397, 1406 (5th Cir. 1992). On this point, Weaver contends:

> Here, the defendant is unable to address whether the circumstances surrounding the use of the charge were coercive because the Court provide[d] no context or circumstances as to why the charge was necessary. No note from the jury was entered into the record. No statement by the jurors as to the nature of their deadlock, or even the voting split was entered into the record. The charge was given without any context at all evaluating its need. All that is known is that the jury deliberated about three hours before the charge was given - which is not generally accepted as lengthy deliberations in a criminal case. There is no way to know whether the charge was premature (after only three hours of deliberation) because there is nothing to review. Thus, the lack of circumstances in the record which would permit the parties to evaluate the need for an *Allen*

> charge makes the charge coercive in and of itself, and a new trial necessary.

[191] at p. 10-11.

The Court rejects this argument. The jury had deliberated for over three hours when they sent word to the Court that they were deadlocked. The Court then instructed the jury with a modified *Allen* charge—the same instruction set forth in the Fifth Circuit Pattern Instructions. *See* Pattern Crim. Jury Inst. 5th Cir. 1.53 (2019).

"Modified *Allen* charges are permissible, within the district court's broad discretion, where the 'circumstances under which the district court gives the instruction are not coercive, and the content of the charge is not prejudicial.'" *United States v. Allard*, 464 F.3d 529, 535-36 (5th Cir. 2006) (quoting *United States v. McClatchy*, 249 F.3d 348, 359 (5th Cir. 2001)). There was nothing coercive or prejudicial in the way the Court instructed the jury. Weaver has cited no authority where a modified *Allen* charge was deemed improper under circumstances even remotely similar to this case. The argument is rejected.

*Conclusion*

For the reasons set forth above, Weaver's Motion [190] is DENIED. Weaver's sentencing will proceed as scheduled.

SO ORDERED, this the 20th day of March, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE